# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAJUAN THARPE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SECURITAS SECURITY SERVICES USA, INC.,**<br><br>    **Defendant.** | Civ. No. 20-13267 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    Jajuan Tharpe sued his former employer, Securitas Security Services USA, Inc., alleging that Securitas unlawfully terminated his employment. Securitas moved to compel arbitration. I denied the motion without prejudice and ordered limited discovery on the issue. *Tharpe v. Securitas Sec. Servs.*, Civ. No. 20-13267, 2021 WL 717362 (D.N.J. Feb. 24, 2021). Following discovery, Securitas again moves to compel arbitration. (DE 24.)[1] For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

    My prior opinion more fully sets forth the background. *Tharpe*, 2021 WL 717362, at *1–2. As relevant here, Tharpe signed an arbitration agreement when he took employment with Securitas. *Id.* The Agreement provided that, as to the costs of arbitration, Securitas will cover costs if "required by law," but if not so required, the parties will split costs. (Agreement ¶ 10.)

    After Securitas terminated Tharpe's employment, Tharpe sued Securitas in New Jersey Superior Court, alleging state and federal statutory claims.

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry number

    Compl. = Complaint (DE 1, Ex. A)

    Agreement = Dispute Resolution Agreement (DE 8-2, Ex. 3)

(Compl. ¶¶ 27–64.) Securitas removed the case to this Court, where it moved to compel arbitration and dismiss. (DE 1, 8.) I denied the motion because I concluded that Tharpe had plausibly alleged that the Agreement's cost-splitting provision made arbitration prohibitively expensive, thus rendering the Agreement unenforceable. *Tharpe*, 2021 WL 717362, at *6. I ordered limited discovery on the issue of the costs of arbitration and Tharpe's inability to pay them. *Id.*

Discovery was to be completed by April 12.[2] Yet, by the time Securitas filed its renewed motion to compel arbitration on the due date of April 20, Tharpe had not responded to Securitas's discovery requests. (DE 24-1 at 5–6.) So Securitas argued that Tharpe failed to meet his evidentiary burden. (*Id.*) Later that day, Tharpe responded in part to Securitas's interrogatories and requests for documents. (DE 25-8.)

Tharpe opposed Securitas's motion, relying on his late-produced evidence. That evidence showed that, as to his finances, (1) since his employment with Securitas, he has found other employment that pays $908 a month, (2) he never has more than $150 in his bank accounts, (3) he has $1,404.15 in credit-card debt, (4) he makes monthly payments on a car and car insurance, and (5) he supports his young son. (DE 25-2.) As to the costs of arbitration, he produced estimates from the two leading arbitration organizations, the American Arbitration Association ("AAA") and JAMS.[3] The AAA charges individuals a $300 filing fee, while JAMS charges $400. (DE 25-4 at 1; DE 25-7 at 1.) For both organizations, their own rules provide that the arbitrator's expenses and compensation are borne by the employer company.

---

[2]    My order denying the motion to compel set a discovery period of 45 days running from February 24. (DE 18.) Because that deadline fell on a weekend, it ran until the next Monday, April 12. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3]    The Agreement provides that the parties will mutually select an arbitrator but does not specify which arbitration organization, if any, they must use. (Agreement ¶ 4.)

(DE 25-4 at 2–3; DE 25-7 at 10.) Those rules do not estimate such costs, however. (*See id.*)

## II.   STANDARD OF REVIEW

"When presented with a motion to compel arbitration based on an evidentiary record, courts apply the summary judgment standard under Federal Rule of Civil Procedure 56(a) . . . ." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 n.5 (3d Cir. 2020). "A district court should only grant a motion to compel arbitration if there is no genuine dispute as to any material fact and, after viewing facts and drawing inferences in favor of the non-moving party, the party moving to compel is entitled to judgment as a matter of law." *Id.* (quotation marks and citation omitted).

## III.   DISCUSSION

Tharpe renews his opposition to arbitration on the ground that cost-splitting makes the Agreement unenforceable. (DE 25 at 5.) An arbitration agreement is unenforceable when it splits costs between the employee and employer, and arbitration would be cost-prohibitive to the employee. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 607–08 (3d Cir. 2002); *see Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 316 n.3 (N.J. 2014). Securitas attempted to moot the issue by agreeing to pay the arbitration costs; Tharpe declined the offer, as he has a right to do, preferring to attempt to establish that the cost-splitting provision was unconscionable.[4] (*See* Order, DE 23.)

To show that arbitration would be cost-prohibitive, the employee bears the burden to produce evidence of (1) his own financial condition, and (2) the estimated costs of his particular arbitration. *Blair*, 283 F.3d at 609–10. *Blair* was fairly strict about that burden. It required competent evidence of the

---

[4] As noted in my order, an adversary's offer to pay the costs does not moot a cost-splitting unconscionability claim. *See Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 285 (3d Cir. 2004). Nor does the case law seem to consider, in the unconscionability context, the *relative* costs of litigation and arbitration—although the latter is generally acknowledged to be cheaper and more efficient. *See, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 280 (1995).

3

employee's financial condition, not conclusory statements. And even an indigent employee was not relieved of the requirement of establishing the costs of arbitration:

> Also missing from Blair's submission is any information about the estimated cost of arbitration, such as the fees charged by AAA arbitrators in her area. Blair plausibly argues that the fact that her affidavit shows that her net income is negative indicates that she could not afford to pay any costs of arbitration, no matter how much or how little they prove to be, but *Green Tree* tells us we need greater proof in order to find Blair's burden satisfied.

*Id.* at 608.

Tharpe has failed to meet his burden under *Blair*. He only produced evidence as to the initial filing fees for arbitration.[5] He did not offer evidence of the estimated expenses and compensation for the arbitrator. *Blair* holds that such evidence is necessary to sustain Tharpe's burden. *Id.*; *see also Jai Sai Baba LLC v. Choice Hotels Int'l Inc.*, No. 20-cv-02823, 2021 WL 1049994, at *7 (E.D. Pa. Mar. 19, 2021) (explaining the type of facts regarding the costs of arbitration necessary to sustain a party's burden).[6] Tharpe is the party with the

---

[5] Which are, by the way, roughly in line with filing fees in this and other courts. I have indulged Tharpe by considering his evidence, which he produced well outside the court-ordered discovery period. Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," then the court may, among other things, "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii), (v). Nonetheless, Securitas has not asked for sanctions, and instead argues that Tharpe fails to meet his burden regardless.

[6] Tharpe's counsel stated in an affidavit that "[i]n my experience, arbitration costs [can] be as high as $50,000." (DE 25-3 ¶ 4.) But such vague statements by an attorney do not suffice, because "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) (quotation marks and citation omitted). The affidavit must "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The affidavit here does not do so. Nor does it estimate the costs of this *particular* arbitration, or at least this kind of arbitration, as is necessary. *Jai Sai Baba*, 2021 WL 1049994, at *7.

burden of proof, and his failure to produce such evidence entitles Securitas to summary judgment on the issue of arbitrability. *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) ("The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (quotation marks and citation omitted)).

## IV.   CONCLUSION

For the reasons set forth above, the motion to compel arbitration is granted. A separate order will issue.

Dated: May 17, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**